UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK SULLIVAN, <br><br>        Plaintiff, <br><br>     -against- <br><br> DAVID C. BANKS, CHANCELLOR OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, LESTER W. YOUNG, JR., CHANCELLOR NEW YORK STATE EDUCATION DEPARTMENT BOARD OF REGENTS, AND BINONG XU. <br><br>        Defendants. | 24-CV-3251 (LTS) <br><br> ORDER OF DISMISAL WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Mark Sullivan, who is proceeding *pro se*, brings this action under 42 U.S.C.

§ 1983, alleging that David C. Banks, Chancellor of the New York City Department of Education

("DOE"); Lester W. Young, Jr., Chancellor of the New York State Education Department

("NYSED") Board of Regents; and Binong Xu, the parent of Plaintiff's child, violated his First

and Fourteenth Amendment rights by denying Plaintiff access to his daughter's education

records. He also claims that this denial violated his rights as a non-custodial parent under the

Family Education Rights and Privacy Act ("FERPA"). Plaintiff also asserts a state law claim of

intentional infliction of emotional distress.

By order dated May 2, 2024, the Court granted Plaintiff's request to proceed *in forma

pauperis* ("IFP"), that is, without prepayment of fees. For the reasons stated below, the Court

dismisses this action with leave to file an amended complaint within 30 days of the date of this

order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are taken from the complaint. On March 4, 2022, Plaintiff visited a DOE Family Welcome Center in Brooklyn, New York, to review his minor daughter's educational records to confirm which school she attended so he could attend her high school graduation. Amy Basile, an employee of the DOE, notified him that his daughter's file contained a "note" that included information stating that Plaintiff was barred from accessing his daughter's records, including her school's name. (ECF 1, at 8.) Following this incident, Plaintiff continued to attempt to get these records, but DOE officials denied his requests. Plaintiff then filed a complaint with NYSED on May 19, 2022. (*See id.* at 8.)

In June 2022, Ms. LeBron, an employee at the DOE's Chancellor's office, notified Plaintiff that "it would need to be brought to legal." (*Id*. at 9.) The DOE's legal department directed Plaintiff to "submit a FOIL [Freedom of Information Law] request." (*Id.*) Plaintiff learned from his FOIL request that Defendant Xu, the custodial parent, wrote the "note." Although the contents of the note were not disclosed to him, the FOIL response informed him that the DOE would not provide him with his daughter's education records, the school she attended, or her graduation date because of the note.

Plaintiff attaches to the complaint an Order of Protection issued April 19, 2016, which he alleges expired in April 2021; he states that this may be the note that prevented him from receiving his daughter's education records. (*See id.* at 11.) He also states that during the summer of 2023, Xu and his daughter – who is no longer a minor – each filed and received an Order of Protection from a state court located in Milford, Connecticut.

On April 25, 2024, Plaintiff filed this suit against the named defendants and alleges that he has suffered irreparable harm because of the non-disclosure which caused him to miss his daughter's graduation. As relief, Plaintiff seeks punitive damages against DOE Chancellor Banks and NYSED Board of Regents Chancellor Young, in the form of loss of federal funding for the alleged constitutional violation, and damages from Binong Xu, for the alleged intentional infliction of emotional distress.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all

well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

As discussed below, Plaintiff does not provide a short and plain statement suggesting that he is entitled to relief from any of the named Defendants. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted.

**A.      Family Education Rights and Privacy Act**

The Court dismisses Plaintiff's FERPA claims because FERPA does not provide a private right of action. Plaintiff brings claims under FERPA, a federal statute that gives parents the right to have access to their children's education records. FERPA, however, "does not give rise to a private right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 274 (2002). Therefore, Plaintiff cannot seek relief under FERPA for the alleged violation of his non-custodial parental rights to access his daughter's records.

**B.      Section 1983**

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Here, Plaintiff does not name individuals who acted in their personal capacity; rather, he names the DOE and Chancellors Banks and Young, both of whom appear to be sued in their official capacities. Accordingly, for the purposes of this order, the Court construes the complaint

4

as also brought against the individual DOE employees referenced in the complaint, that is, Amy Basille and Ms. LeBron.

### 1.    Fourteenth Amendment[1]

Plaintiff's assertions regarding his parental rights arguably implicate the substantive component of the Due Process Clause of the Fourteenth Amendment. Substantive due process "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Parents have a "constitutionally protected liberty interest in the care, custody and management of their children," and can bring a substantive due process claim to challenge a violation of those rights. *Southerland v. City of N.Y.*, 680 F.3d 127, 142 (2d Cir. 2011).

To state a substantive due process claim, a plaintiff must allege facts suggesting (1) a deprivation of a protected interest, (2) that the government action was arbitrary and irrational, and (3) that the action was so egregious it shocks the conscience. *See id.* at 151. This "shocks the conscience" test is "necessarily imprecise." *O'Connor v. Pierson*, 426 F.3d 187, 203 (2d Cir. 2005). To determine if the government action shocks the conscience depends on the actor's state of mind and the context in which the action was taken. *Id*.

---

[1] Plaintiff also asserts claims under the First Amendment, suggesting that he seeks to bring a right to intimate association claim. In this Circuit, however, courts analyze such claims under the Fourteenth Amendment rather than under the First Amendment. *See Licorish-Davis v. Mitchell*, No. 12-CV-601 (ER), 2013 WL 2217491, *6 (S.D.N.Y. May 20, 2013) ("Although the Court has stated that the right to intimate association receives protection as 'a fundamental element of personal liberty' and is generally grounded in substantive due process under the Fourteenth Amendment [citation omitted], it has at times analyzed the right to intimate association as one emanating from the First Amendment. [Citation omitted] However, courts within this Circuit specifically addressing the right to intimate association vis-à-vis parent-child relationships have analyzed the right under the principles of substantive due process rather than the First Amendment. [Citation omitted].").

Here, Plaintiff alleges that Defendants violated his right to access his daughter's education records. He claims that Amy Basile denied his request to view the records, based on a note placed in his daughter's file.[2] He also claims that, in June 2022, Ms. Lebron became involved in the matter when she forwarded Plaintiff's records request to the DOE's legal department. Even when read in the light most favorable to Plaintiff, these allegations do not suggest arbitrary or irrational conduct on the part of any DOE employee. Plaintiff merely alleges that Basile complied with instructions included in his daughter's file and LeBron referred Plaintiff to the DOE's legal department. This conduct does not shock the conscience. Therefore, Plaintiff does not state a viable substantive due process claim under the Fourteenth Amendment, and the Court dismisses this claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    Municipal Liability Claims Against the City of New York and Chancellor Banks

The Court construes Plaintiff's claim against DOE Chancellor Banks as a claim against the DOE. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity [of which the officer is an agent].").

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a

---

[2] The complaint does not describe the contents of the note.

deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). Local governments are only responsible for "their own illegal acts," and are not vicariously liable for their employees' actions. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff provides no facts suggesting that the DOE had a policy, custom, or practice which contributed to the denial of his request. As a threshold matter, as discussed above, Plaintiff has not alleged facts suggesting an underlying constitutional violation and, absent an underlying constitutional violation, there can be no Section 1983 claim for municipal liability. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Furthermore, even if Plaintiff had alleged a constitutional violation, he does not allege facts suggesting that such a violation was caused by a policy, practice, or custom of the City of New York. The Court therefore dismisses Plaintiff's Section 1983 claims against the City of New York for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3.    Claims Against NYSED Chancellor Young

Plaintiff's claims against NYSED Chancellor Young must be dismissed under the

Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court

unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated

the states' Eleventh Amendment immunity . . .." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir.

2009). "The immunity recognized by the Eleventh Amendment extends beyond the states

themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*

New York has not waived its Eleventh Amendment immunity to suit in federal court, and

Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v.

Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983

claims against NYSED Chancellor Young, Jr., brought against Young in his official capacity, are

therefore barred by the Eleventh Amendment and are dismissed. *See* 28 U.S.C. 1915(e)(2)(b)(iii).

### C.    Decline to Exercise Supplemental Jurisdiction of State Law Claim

A district court may decline to exercise supplemental jurisdiction of state law claims

when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal

claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New

York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to amend his complaint to allege facts in support of his Section 1983 claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the action for failure to state a claim on which relief may be granted and because it seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), with 30 days' leave to file an amended complaint.

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to keep this case open until directed to enter judgment in this action.

SO ORDERED.

Dated:    October 8, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge