RECEIVED
SDNY PRO SE OFFICE
2025 FEB -5 PM 1:59

Date: February 5, 2025

**Hon. Laura Taylor Swain**
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Sullivan v. New York City Department of Education, et al.**
**Case No. 24-CV-3251 (LTS)**

**Dear Judge Swain,**

Pursuant to the Court's prior order, I respectfully submit my **Amended Complaint and Motion for a Preliminary Injunction**, along with supporting exhibits, for filing in the above-referenced matter.

As directed, I contacted the **City Bar Justice Center's Federal Pro Se Legal Assistance Project** for guidance in preparing my Amended Complaint. I **submitted my draft for review via email yesterday (February 3, 2025) and a revised version today (February 4, 2025),** but I have not yet received a response. Given my filing deadline, I must proceed with submission to the Court. Accordingly, I have incorporated all necessary revisions to address the Court's concerns and ensure this Complaint meets all legal and procedural requirements.

This **Amended Complaint**:

- **Removes** any improperly named defendants to comply with **immunity laws**, ensuring all parties are legally accountable.
- **Strengthens** the **Monell claim** against DOE by identifying specific **policy failures** that systematically denied **noncustodial parental rights**.

- **Clarifies** the **procedural due process violation** tied to **FERPA** under **42 U.S.C. § 1983**, establishing a legally actionable claim.
- **Ensures** that all claims are legally and factually supported, incorporating **direct quotes from evidence and relevant case law.**

Additionally, I respectfully request the Court's **guidance on the submission of exhibits** for both the **Amended Complaint and the Motion for a Preliminary Injunction**. Given the volume of supporting documents and my **in forma pauperis** status, I am unable to afford printing all exhibits. I would appreciate direction on whether they may be submitted electronically via **USB drive or email.**

If **electronic submission is not permitted,** I kindly request that the Court allow an **alternative cost-effective method** for submission, as the **financial burden of printing these materials is significant**. If necessary, I am prepared to return to the Clerk's office on Friday morning to submit a limited number of printed exhibits or any alternative format the Court deems appropriate.

I appreciate the Court's consideration and remain prepared to proceed in accordance with any further directives. Please let me know if any additional information is required.

**Respectfully submitted,**

**Mark J. Sullivan**
Mark J Sullivan
1053 64th Street C4
Brooklyn, NY 11219
hello@markjosephsullivan.com
(917) 667-7903

RECEIVED
SDNY PRO SE OFFICE
2025 FEB -5 PM 1:59

# UNITED STATES DISTRICT COURT

**SOUTHERN DISTRICT OF NEW YORK**

Case No. 24-CV-3251 (LTS)

**MARK J. SULLIVAN,**

**Plaintiff,**

**v.**

**NEW YORK CITY DEPARTMENT OF EDUCATION,**

**CHANCELLOR DAVID C. BANKS, Melissa Aviles-Ramos (in his/her official capacity),**

**BINONG XU (individually),**

**Defendants.**

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. Plaintiff **Mark J. Sullivan** brings this action under **42 U.S.C. § 1983** against:

   - The **New York City Department of Education (DOE)** for violating his constitutional rights.
   - **Chancellor David C. Banks, Melissa Aviles-Ramos** in his/her official capacity, for failing to ensure compliance with federal law.

- **Binong Xu**, (individually) for **intentional infliction of emotional distress and interference with Plaintiff's parental rights**.

2. DOE **denied Plaintiff access to his daughter's educational records** based on an **expired order of protection**, despite having no valid legal justification under **FERPA (20 U.S.C. § 1232g)**.

3. **DOE's refusal to comply with federal law violated Plaintiff's Fourteenth Amendment due process rights**, and its **imposition of a FOIL request as a barrier was retaliation** for Plaintiff's complaints, violating the **First Amendment**.

4. **Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, punitive damages,** and **policy changes** to prevent future violations. In accordance with **City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981),** Plaintiff **does not seek punitive damages against DOE,** as **municipal entities** are generally **immune** from such relief under **§ 1983**. However, **punitive damages against Defendant Xu are appropriate**, as her **intentional, malicious interference** with Plaintiff's **parental rights** rises to the level of **reckless indifference to federally protected rights (Smith v. Wade, 461 U.S. 30 (1983))**.

**Defendant Xu's deliberate misrepresentations to DOE** resulted in Plaintiff's **complete exclusion** from his **daughter's education, despite having no valid legal basis** for such exclusion. Her **intentional infliction of emotional distress** was **not** a mere **bureaucratic failure** but an **egregious abuse of authority**. As such, **punitive damages are warranted** to deter **similar misconduct in the future**.

5. **A jury trial is demanded.**

# PARTIES

1. **Plaintiff Mark J. Sullivan** is a **resident of Brooklyn, New York, and the biological father of Elizabeth Mei Xu Sullivan.** Plaintiff's **parental rights have never been terminated**, and he remains legally entitled to access his daughter's educational records under **FERPA (20 U.S.C. § 1232g).**

2. **Since April 2021, Plaintiff has actively pursued legal action to enforce visitation rights and obtain access to his daughter's educational records,** rights that have been unlawfully obstructed by Defendants. Despite Plaintiff's **lawful parental status,** Defendants **continue to block access without legal justification, violating federal law and constitutional protections.**

3. **Defendant New York City Department of Education (DOE)** is a **municipal agency responsible for ensuring compliance with federal education laws, including FERPA,** and for protecting the constitutional rights of students and their parents. DOE has **knowingly and repeatedly violated FERPA and Plaintiff's constitutional rights** by denying access to educational records without legal cause.

4. **Defendant Chancellor David C. Banks, Melissa Aviles-Ramos** is the **head of DOE and is sued in his/her official capacity**. As Chancellor, Banks, Aviles-Ramos is responsible for **establishing, enforcing, and overseeing DOE's policies.** DOE's **failure to train staff and enforce compliance with FERPA and constitutional protections** has directly contributed to the violations at issue in this case.

5. **Defendant Binong Xu** is sued **in her individual capacity** for **knowingly and intentionally interfering with Plaintiff's parental rights**. Xu engaged in **deliberate**

**misconduct**, including **misrepresenting Plaintiff's legal status, influencing DOE to unlawfully deny access, and ensuring Plaintiff remained excluded from his daughter's life**. Xu's actions were **extreme, outrageous, and intentional**, constituting **Intentional Infliction of Emotional Distress (IIED) under New York law**.

# FACTUAL ALLEGATIONS

## A. DOE's Unconstitutional Denial of Educational Records

1. Under **FERPA (20 U.S.C. § 1232g), noncustodial parents retain access to their child's educational records unless a valid court order expressly revokes that right. Plaintiff's claims are based on DOE's violations of his parental rights prior to October 21, 2022, when his daughter was still a minor.** Plaintiff brings this action because DOE **unlawfully denied him access to his daughter's educational and mental health records while she was a minor, causing lasting harm. FERPA (20 U.S.C. § 1232g)** protects a noncustodial parent's right to access their child's school records unless a **valid, active court order explicitly revokes it.** Courts have consistently held that schools **cannot deny parental access unless a legally enforceable order is in place.** *Page v. Rotterdam-Mohonasen CSD*, 109 Misc. 2d 1049 (Sup. Ct. Albany Co. 1981).

DOE's **unlawful actions directly impacted Plaintiff's ability to safeguard his daughter's well-being during her formative years.** Multiple mental health professionals—including a LCSW (2011), a supervising MSW (2015), and an MSW/JD (2016)—documented that Plaintiff's exclusion from his daughter's life was causing severe emotional distress and developmental harm. These professionals recommended therapeutic intervention with Plaintiff's involvement.

(See Exhibit H, Jamaica CPP Report; Exhibit I, Beth O Report; Exhibit J, Jan 15 Visit Report; Exhibit K, Clinical Forensic Report.)

DOE's obstruction prevented Plaintiff from verifying whether these critical recommendations were followed. The failure to ensure access to these records has caused lasting harm and necessitates injunctive relief to assess whether corrective action is required.

DOE's continued obstruction **prevented Plaintiff from knowing whether his daughter received the necessary mental health services.** Even though she has since turned 18, **the harm caused by DOE's misconduct continues.** Plaintiff seeks records from when his daughter was a minor to determine **whether corrective action is needed to address the long-term consequences of DOE's unlawful conduct.**

2. **Because these violations occurred while Plaintiff's daughter was still a minor, Plaintiff has standing to seek relief for past harms.** The expiration of Plaintiff's parental FERPA rights does not erase the past constitutional violations that deprived him of the ability to monitor his daughter's education and well-being. Courts have consistently recognized that claims are not moot where past harm has lasting consequences. See Roe v. Wade, 410 U.S. 113 (1973); Plyler v. Doe, 457 U.S. 202 (1982).

3. **Courts have repeatedly held that claims challenging unconstitutional government actions are not mooted merely because a plaintiff's legal status changes. See Roe v. Wade, 410 U.S. 113 (1973) (holding that pregnancy's natural expiration does not moot a constitutional claim due to ongoing impact); Plyler v. Doe, 457 U.S. 202 (1982) (rejecting mootness argument where harm occurred prior to plaintiff reaching adulthood). Here, Plaintiff challenges DOE's violations while his daughter**

**was a minor, which caused concrete, irreversible harm by obstructing his ability to monitor her education and well-being. The collateral consequences doctrine further supports standing, as the effects of DOE's misconduct remain ongoing** The expiration of his parental FERPA rights upon her turning 18 **does not erase the harm that resulted from DOE's past illegal conduct.**

**Courts have consistently held** that **noncustodial parents maintain access** to their **child's educational records** unless a **court order explicitly revokes** that right. In **Page v. Rotterdam-Mohonasen Central School District, 109 Misc. 2d 1049 (Sup. Ct., Albany Co., 1981),** the court found that a **school district could not deny** a **noncustodial parent access** to their **child's records** unless a court order **clearly and unambiguously** prohibited such access. Similarly, in **Gonzalez v. Puerto Rico Dept. of Education, 254 F.3d 350 (1st Cir. 2001),** the court held that a **state education department's refusal** to grant a **noncustodial parent access** to records **violated FERPA's core protections**, emphasizing that **school districts must follow FERPA's mandates** absent a **direct, valid legal restriction**.

Here, **Defendants DOE and Banks, Aviles-Ramos violated FERPA** and **constitutional due process protections** by continuing to **rely on an expired order of protection despite having actual notice of its invalidity**. Their **refusal to comply** with **clearly established federal law** represents a **willful disregard for parental rights** and a **failure to properly train staff** on **FERPA compliance.**

**DOE denied Plaintiff's access based on:**

4. DOE denied Plaintiff's access based on: a. **An expired protective order,** which had no legal effect at the time. (See Exhibit D) . Defendant Xu directly influenced DOE's decision to deny access, **which DOE's legal department admitted was partially based**

**on a letter from Defendant Xu**. However, Plaintiff was never provided a copy of this letter, and DOE failed to verify its legal sufficiency before unlawfully blocking access to educational records.

5. Clinical psychologist Dr. Craig Childress, a court-qualified expert on child attachment trauma, has stated that children do not reject a normal-range, fit parent without external influence. DOE's improper reliance on an **expired protective order** and Defendant Xu's misrepresentations **directly contributed to parental alienation**, preventing Plaintiff from accessing school records and intervening to address his daughter's well-being. If DOE relied on unverified statements from Defendant Xu without due process, it violated Plaintiff's constitutional rights (See Mathews v. Eldridge, **424 U.S. 319 (1976)**)."

6. DOE **failed to verify the validity of legal documents before denying access**, violating **Mathews v. Eldridge, 424 U.S. 319 (1976),** which requires **procedural safeguards before depriving parental rights.** *(See Exhibit E)*

## B. First Amendment Retaliation

1. **DOE's FOIL Requirement Was Retaliatory**

    - Plaintiff made multiple requests for his daughter's **educational records under FERPA**, which legally entitles him to direct access.
    - In response, DOE **imposed a FOIL request requirement**, despite FERPA **explicitly superseding FOIL**. *(See Exhibit B)*
    - DOE's **refusal to comply with FERPA** and its imposition of a FOIL requirement —despite FERPA explicitly preempting FOIL in matters of parental access— **constitutes a clear retaliatory measure aimed at obstructing Plaintiff's**

**parental rights**. Courts have consistently held that agencies may not impose administrative burdens in retaliation for a citizen's exercise of protected rights (Zherka v. Amicone, 634 F.3d 642 (2d Cir. 2011)).

- The sequence of events further underscores DOE's **retaliatory intent**:

- **March 4, 2022**: Plaintiff formally requested access to his daughter's educational records under FERPA .
- **March 2022**: DOE legal representative Amy Basile informed Plaintiff that his access was barred due to an **expired** order of protection .
- **June 13, 2022**: Plaintiff met with the Chancellor's Office and presented proof that the order had expired .
- **June 16, 2022**: DOE representatives acknowledged the expiration but **continued to deny access**, citing the same invalid order .
- **June 17, 2022**: Plaintiff sent another email with the expired order attached, demanding compliance .
- **June 22, 2022**: OCR **formally acknowledged** Plaintiff's complaint against DOE .
- **June 24, 2022**: DOE responded not by granting access under FERPA, but by **imposing a FOIL request**—which legally does not apply where FERPA governs .
- **July 14, 2022**: OCR informed Plaintiff that it could not intervene and referred him to FPCO, further delaying resolution .

This timeline shows a clear **cause-and-effect relationship**: DOE officials **only imposed the FOIL requirement** after Plaintiff escalated his complaints, making it **a deliberate act of retaliation** rather than an administrative oversight. The DOE's delay strategy is legally comparable to the unconstitutional burden-shifting in *Zherka v. Amicone*, 634 F.3d 642 (2d Cir.

2011), where the Second Circuit held that **governmental entities may not impose additional procedural hurdles in retaliation for protected activity**.

2. **OCR Complaint Confirms DOE's Retaliation**

- Plaintiff filed a **civil rights complaint with the U.S. Department of Education, Office for Civil Rights (OCR) (Case No. 02-22-1342)** regarding DOE's FERPA violations. *(See Exhibit F)*
- OCR acknowledged Plaintiff's complaint on **June 22, 2022** and scheduled an interview.
- On **July 14, 2022**, OCR sent Plaintiff a letter stating that they could **not assist** but referred him to the **Family Policy Compliance Office (FPCO),** which investigates FERPA violations.
- This pattern of bureaucratic delay—**first through FOIL, then through OCR referrals—served to obstruct Plaintiff's rights** and discourage further complaints.

3. **Pattern of DOE's Hostility Toward Plaintiff's Complaints**

- **June 16, 2022**: Plaintiff met with a DOE representative at the **Chancellor's Office** and was told the order of protection had expired but **was still being used to bar access.**
- **June 17, 2022**: Plaintiff emailed DOE legal staff, enclosing proof that the **protective order had expired in April 2021.**
- **DOE failed to correct its unlawful policy and continued restricting Plaintiff's access.**

  - This ongoing refusal to comply with **federal law, despite clear notice, constitutes unconstitutional retaliation** for Plaintiff's lawful complaints.
- *Zherka v. Amicone*, 634 F.3d 642 (2d Cir. 2011) establishes that a government entity **cannot impose additional burdens on a person in retaliation for protected speech**.
- DOE's **imposition of a FOIL requirement**—when FERPA provides a direct right of access—constitutes an **unconstitutional burden** in violation of the First Amendment.

The **DOE's actions were not neutral** administrative decisions but targeted responses aimed at **punishing Plaintiff for exercising his First Amendment right to petition the government**. The Second Circuit has consistently held that **government actors may not impose bureaucratic burdens in response to protected complaints** (*Green v. Town of East Haven*, 952 F.3d 394 (2d Cir. 2020)).

DOE's **deliberate delay tactics** and the imposition of an unnecessary FOIL process **only after Plaintiff escalated complaints** strongly suggest **a retaliatory motive**. This mirrors the unconstitutional burden-shifting identified in *Zherka v. Amicone*, 634 F.3d 642 (2d Cir. 2011), where the court held that **government-imposed procedural obstacles designed to discourage legal challenges** are presumptively unconstitutional.

## C. Monell Liability – DOE's Systemic Failures

Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), DOE is liable for constitutional violations caused by its policies, customs, or failures in training and oversight.

DOE has **a well-documented pattern of violating noncustodial parents' rights under FERPA** by:

1. **Failing to Train Staff on FERPA Compliance**
   - DOE legal representatives—including **Amy Basile and Natacha Beaufils**—demonstrated **ignorance or deliberate disregard for FERPA's requirements.**
   - OCR's **July 14, 2022 response** indicates that DOE **persistently failed to comply with FERPA**, requiring OCR to **refer Plaintiff to the Family Policy Compliance Office (FPCO) for FERPA enforcement.**
2. **Misusing Protective Orders to Restrict Noncustodial Parents** *(See Exhibit D)*
   - DOE **continued to deny Plaintiff access based on an expired protective order** (which DOE had full notice of).
   - DOE's actions violate *Page v. Rotterdam-Mohonasen Central School District*, which holds that **school districts receiving federal funds must comply with FERPA when determining parental access to records.**
3. **Forcing FOIL Requests Instead of Granting Direct FERPA Access**
   - DOE forced Plaintiff to use **New York's FOIL system,** despite FOIL being inapplicable where **FERPA directly governs.** (*See Exhibit B)*
   - This deliberate **misapplication of law created unconstitutional barriers** that denied Plaintiff access to his daughter's records in violation of the **Fourteenth Amendment's Due Process Clause.**
   - DOE has a **well-documented, systemic failure** to comply with FERPA, constituting a municipal policy or custom that deprived Plaintiff and similarly situated noncustodial parents of their constitutional rights, thereby establishing

liability under Monell v. Department of Social Services, 436 U.S. 658 (1978). Liability under Monell applies where a municipality's deliberate failure to train employees leads to constitutional violations (*City of Canton v. Harris*, 489 U.S. 378 (1989)). DOE's improper use of expired protective orders and FOIL procedures further shows deliberate indifference to federal law (*Connick v. Thompson*, 563 U.S. 51 (2011)). DOE's reliance on expired protective orders to deny FERPA access reflects a systemic issue, not an isolated mistake.

**Additionally, DOE's use of FOIL requests as a procedural roadblock demonstrates a deliberate and longstanding policy of burdening noncustodial parents with unnecessary administrative hurdles.** Courts have held that **municipal inaction in the face of known violations constitutes deliberate indifference, making DOE liable under Monell.** *Connick v. Thompson*, 563 U.S. 51 (2011). *(See Exhibit G)*

DOE's **repeated, documented failures** demonstrate a **custom, practice, and policy** of violating noncustodial parental rights under FERPA. Liability under *Monell* extends to situations where a municipality's failure to train its employees leads to constitutional violations (*City of Canton v. Harris*, 489 U.S. 378 (1989)). DOE's reliance on **expired protective orders** as a justification for denying FERPA access reflects a systemic issue, not an isolated incident.

Additionally, DOE's use of **FOIL requests as a procedural roadblock** demonstrates a **deliberate and longstanding policy** of burdening noncustodial parents with unnecessary administrative hurdles. Courts have held that **municipal inaction in the face of known violations constitutes deliberate indifference**, making DOE liable (*Connick v. Thompson*, 563 U.S. 51 (2011)).

## D. Intentional Infliction of Emotional Distress

Defendant **Binong Xu's actions were intentional, extreme, and outrageous**, constituting **Intentional Infliction of Emotional Distress (IIED) under New York law**.

1. **Xu Knowingly Provided False Legal Information**

   - Despite full knowledge that the **order of protection had expired**, Xu falsely represented to DOE that **Plaintiff's access should still be restricted**.
   - This action ensured that Plaintiff **was completely excluded from his daughter's life**, preventing him from:
     - Attending her graduation.
     - Receiving any information about her education.
     - Communicating with school staff about her well-being.

2. **Xu's Misconduct Was Deliberate and Malicious**

   - Unlike mere bureaucratic mistakes, Xu **acted with intent** to inflict harm by **deliberately misrepresenting Plaintiff's legal status**.
   - Xu's actions resulted in **severe emotional distress**, as Plaintiff was forced to **fight for basic access to his daughter's educational information through federal agencies**.

- Under New York law, IIED requires conduct that is **extreme, outrageous, and intentionally or recklessly causes severe distress** (*Howell v. New York Post Co., 81 N.Y.2d 115 (1993)*).
- Xu's deliberate misrepresentations were not merely negligent, but an intentional and malicious attempt to interfere with Plaintiff's parental rights. Her conduct was extreme,

outrageous, and calculated to inflict severe emotional distress, meeting the legal standard for IIED under Howell v. New York Post Co., 81 N.Y.2d 115 (1993).

- Federal jurisdiction is proper under **28 U.S.C. § 1367** (*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)).

## IMPACT ON PLAINTIFF

1. As a direct result of **Defendant DOE's policies and Defendant Xu's actions,** Plaintiff has been **completely removed from his daughter's life,** suffering **severe emotional distress and irreparable loss.**

2. By unlawfully blocking Plaintiff's access to his daughter's records, DOE deprived him of his **fundamental right** to oversee her education, violating his **procedural due process rights** and causing severe, ongoing emotional distress.

3. DOE's **unconstitutional policies** prevented Plaintiff from:

   - **Attending his daughter's graduation.**
   - **Receiving any information about her academic progress, extracurricular activities, or disciplinary records.**
   - **Being involved in any major educational or developmental decisions.**

4. **Defendant Xu intentionally misrepresented legal information to DOE,** ensuring that Plaintiff was treated as if he had no parental rights.

5. The **emotional distress and trauma caused by DOE's systemic failures and Xu's interference** continue to affect Plaintiff daily, as he remains uncertain about his daughter's well-being and future. Reports by licensed professionals (Exhibits H, I, J, and

K) confirm that Plaintiff's exclusion from his daughter's life resulted in significant emotional and psychological harm. These **experts consistently recommended therapeutic intervention and reconciliation efforts,** which were ignored by DOE and the courts. DOE's failure to follow these expert recommendations caused severe and lasting damage, further underscoring the necessity of injunctive relief to access records and determine whether corrective action is required.

# CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF PROCEDURAL DUE PROCESS

## *(Fourteenth Amendment & 42 U.S.C. § 1983)*

**Plaintiff has standing to bring this claim because DOE's violations occurred while his daughter was still a minor.** Plaintiff's right to access educational records under **FERPA (20 U.S.C. § 1232g)** was unlawfully denied **before October 21, 2022,** when his daughter turned 18.

**The Supreme Court has recognized parental rights as fundamental liberty interests protected by the Fourteenth Amendment** (*Troxel v. Granville*, 530 U.S. 57, 65 (2000)). Courts have further held that **noncustodial parents have a clear legal right to educational records unless a valid court order explicitly revokes it** (*Page v. Rotterdam-Mohonasen CSD*, 109 Misc. 2d 1049 (Sup. Ct. Albany Co. 1981)).

**DOE's refusal to provide access while Plaintiff's daughter was a minor constitutes a procedural due process violation.** The fact that she has since turned 18 **does not eliminate the lasting harm DOE inflicted by unlawfully denying access during her formative years.**

DOE unlawfully deprived Plaintiff of access to his daughter's educational records without any valid legal authority, violating his procedural due process rights under the Fourteenth Amendment. The Supreme Court has long held that **government agencies must provide notice and a meaningful opportunity to be heard before depriving individuals of a protected liberty interest** (Mathews v. Eldridge, 424 U.S. 319 (1976)). DOE's failure to do so **renders its actions unconstitutional.** A noncustodial parent's access to educational records is a **protected right under FERPA**, and any denial must be supported by **clear, legal authority** (*Troxel v. Granville*, 530 U.S. 57 (2000)).

DOE's actions violated due process by:

- **Failing to verify the legal status** of the expired protective order before denying Plaintiff access .
- **Denying Plaintiff a meaningful opportunity to challenge** the DOE's unlawful refusal, despite multiple attempts to provide proof .
- **Shifting procedural burdens onto Plaintiff** by requiring a FOIL request **without any legal basis**, effectively circumventing FERPA's protections .

These **failures to follow established legal procedures** constitute a **textbook procedural due process violation**, making DOE liable under *42 U.S.C. § 1983*.

## COUNT II – FIRST AMENDMENT RETALIATION *(42 U.S.C. § 1983)*

DOE imposed an unnecessary FOIL request requirement after Plaintiff filed complaints, violating his right to petition the government.

This retaliation mirrors unconstitutional burdens recognized in *Zherka v. Amicone*, 634 F.3d 642 (2d Cir. 2011).

## COUNT III – MONELL LIABILITY *(42 U.S.C. § 1983)*

DOE's systemic failures violated Plaintiff's constitutional rights, making it liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS *(Against Xu)*

Defendant Xu's actions were intentional, extreme, and outrageous, directly causing Plaintiff severe emotional distress.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court:**

- **Declare DOE's actions unconstitutional** under the First and Fourteenth Amendments.
- **Issue an injunction requiring DOE to:**
    - **Provide Plaintiff immediate access** to his daughter's educational records.
    - **Turn over all school photographs** of Plaintiff's daughter.
    - **Implement policies ensuring noncustodial parental rights are respected.**
    - **Develop and enforce training programs** for DOE staff on FERPA compliance.
- **Award compensatory damages against DOE** for systemic policy failures and the emotional distress caused to Plaintiff.
- **Award punitive damages against Defendant Xu** for her intentional interference with Plaintiff's parental rights and severe emotional distress.
- **Award attorney's fees and litigation costs** pursuant to 42 U.S.C. § 1988.

- **Plaintiff seeks only prospective injunctive relief against Chancellor Banks, Aviles-Ramos** under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), which allows claims against state officials for ongoing violations of federal law.
- **Hold Defendants jointly and severally liable** for all compensatory damages.

**Plaintiff respectfully submits Exhibits H, I, J, and K** as evidence demonstrating the ongoing harm caused by Defendants' actions and the necessity of access to past educational and mental health records. These reports document the **significant emotional and developmental damage** Plaintiff's daughter suffered due to his exclusion and the failure of DOE to facilitate necessary intervention. **The requested relief is essential** to address the ongoing consequences of these constitutional violations.

**Grant any further relief the Court deems just and proper.**

Plaintiff respectfully requests **immediate injunctive relief** due to the ongoing harm caused by Defendants' unlawful actions. **The Court's intervention is necessary** to prevent further constitutional violations and ensure that Plaintiff receives the educational records he was unlawfully denied. **Without immediate access to these records, Plaintiff cannot determine whether DOE's previous failures contributed to educational and psychological harm requiring intervention.** A federal injunction is essential to remedy this ongoing uncertainty.

**The Court's intervention is essential not only to rectify past constitutional violations but to prevent continued harm by ensuring Plaintiff can determine whether corrective action is required for his daughter's mental health and education.** DOE's unlawful actions **obstructed access to school-based interventions, potentially worsening Plaintiff's daughter's emotional distress and educational development. Without these records, Plaintiff cannot assess the lasting impact or advocate for necessary interventions.** DOE's refusal to grant access

obstructed Plaintiff's ability to confirm whether previous expert-recommended therapeutic interventions were implemented.

**Multiple reports from licensed mental health professionals** (*See Exhibits H, I, J, and K*) **document that Plaintiff's exclusion resulted in emotional distress and developmental harm** to his daughter. Without these records, Plaintiff **cannot assess the long-term impact or whether additional corrective measures are necessary.** The Supreme Court has emphasized the **importance of meaningful parental involvement** in a child's upbringing (*Troxel v. Granville*, **530 U.S. 57 (2000)**). The requested injunction is therefore necessary to **safeguard Plaintiff's rights and his daughter's well-being.**

DOE's prior failures directly conflicted with **multiple court recommendations** (*2011 LCSW report, 2015 MSW report, 2016 MSW/JD therapist recommendation*), which emphasized **the importance of parental involvement in therapy. Without access to records from her minor years, Plaintiff remains unable to assess whether these recommendations were followed, potentially leaving serious mental health concerns unaddressed.** The Supreme Court has emphasized the **importance of meaningful parental involvement** in a child's upbringing (*Troxel v. Granville*, 530 U.S. 57 (2000)). **The requested injunction is therefore necessary to safeguard Plaintiff's rights and his daughter's well-being.**

## JURY TRIAL DEMANDED.

### EXHIBIT LIST

**Exhibit A: aFormal request for my daughters educational records.pdf**

*(Proof of FERPA request)*

**Exhibit B:** Fwd FOIL Request F20058 3.pdf

*(DOE imposed FOIL instead of FERPA access, proving retaliation)*

**Exhibit C:** Re FOIL Request F20058.pdf

*(DOE's final denial without legal justification)*

**Exhibit D:** Expired order of protection.pdf

*(Proof DOE relied on an invalid order)*

**Exhibit E:** Follow up to phone conversation Ms LeBron.pdf

*(Plaintiff provided DOE legal staff proof of expired order)*

**Exhibit F:** US Department of Education Office for Civil Rights.pdf

*(Proof of OCR investigation into DOE)*

**Exhibit G:** Case No 02221342 Response.pdf

*(OCR's response showing DOE ignored FERPA obligations)*

**Exhibit H:** *Jamaica CPP Report*

**Exhibit I:** *Beth O Oct Report (Supervising MSW – 2015)*

**Exhibit J:** *Jan 15 Visit Report (MSW – 2016)*

**Exhibit K:** *Clinical Forensic Report*

**Dated:** 02/05/2025

**Respectfully submitted,**

**Mark J. Sullivan**
Mark J Sullivan
1053 64th Street C4
hello@markjosephsullivan
Brooklyn, NY 11219
hello@markjosephsullivan.com
917 667 7903