UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK J. SULLIVAN,<br><br>                                       Plaintiff,<br><br>             -against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION; CHANCELLOR DAVID C. BANKS; MELISSA AVILES-RAMOS; BINONG XU,<br><br>                                       Defendants. | 24-CV-3251 (LJL)<br><br>ORDER OF SERVICE |

LEWIS J. LIMAN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants denied him access to his child's school records when she was a minor. He names as Defendants the New York City Department of Education ("DOE"), now known as New York City Public Schools; former DOE Chancellor David C. Banks, sued in his official capacity; DOE Chancellor Melissa Aviles-Ramos, sued in her official capacity; and Binong Xu, the mother of his child. By order dated May 2, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. As set forth in this order, the Court (1) treats the claims brought against Banks and Aviles-Ramos as claims brought against the DOE and dismisses the claims as to these two individual defendants; (2) directs service on the DOE; (3) directs Plaintiff to provide a service address for Xu; and (4) denies the motion seeking preliminary injunctive relief because no such relief is required at this time.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.    Municipal Liability

Plaintiff names as Defendants DOE Chancellor Aviles-Ramos and former DOE Chancellor Banks in their official capacities. The Court treats Plaintiff's claim against these two defendants as claims against the DOE. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity [of which the officer is an agent]."). The Court dismisses from this action Aviles-Ramos and Banks.

### B.    Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendant DOE through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.      Service Address for Binong Xu**

Plaintiff names Xu as a defendant, but he does not provide a service address for her. By Friday, April 25, 2025, Plaintiff shall provide the Court, in writing, an address where this defendant may be served.

**D.      Motion for a Preliminary Injunction**

Plaintiff requests preliminary injunctive relief, including access to his daughter's school records. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of

persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's motion does not demonstrate that he is likely to suffer irreparable harm because his daughter is no longer a student at a DOE school. This action concerns whether the DOE denied Plaintiff access to his daughter's records when his daughter was a student. As Plaintiff is not actively seeking the records of a current student, he cannot show that being denied those records will cause him to suffer irreparable harm. Moreover, Plaintiff has not shown a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. The Court therefore denies Plaintiff's motion.

## CONCLUSION

The Court treats Plaintiff's claims against Chancellor Aviles-Ramos and former Chancellor Banks, sued in their official capacities, as claims against the DOE. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) The Court dismisses from this action Aviles-Ramos and Banks and directs the Clerk of Court to terminate these two defendants.

The Clerk of Court is instructed to issue a summons for the New York City Department of Education, complete the USM-285 form with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:  March 26, 2025
        New York, New York

_____
LEWIS J. LIMAN
United States District Judge

4

**SERVICE ADDRESS FOR DEFENDANT**

New York City Department of Education
New York City Public Schools
Tweed Courthouse
52 Chambers Street
New York, NY 10007