USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/07/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK J. SULLIVAN,

Plaintiff,

-v-

CHANCELLOR DAVID C. BANKS, et al.,

Defendants.

24-cv-3251 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Before the Court are two motions to seal filed by the New York City Department of Education ("DOE") and Binong Xu ("Xu" and with DOE, "Defendants"). Dkt. Nos. 63, 66. For the following reasons, the motions are granted in part and denied in part.

There is a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against any "countervailing interests." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

"[A]ll documents submitted in connection with, and relevant to, such judicial decision-making are subject to at least some presumption of public access." *Brown*, 929 F.3d at 50. "[I]n discussing the continuum along which the strength of the presumption will be measured, . . . where documents are used to determine litigants' substantive legal rights, a strong presumption

of access attaches." *Id.* at 121. In other words, "[t]he weight will be strongest when the documents will 'directly affect an adjudication' of the merits and weakest when they will 'play only a negligible role.'" *Pauwels v. Bank of N.Y.Mellon Corp.*, 2025 WL 41199, at *1 (S.D.N.Y. Jan. 7, 2025) (quoting *Lugosch*, 435 F.3d at 121).

If a presumptive right of public access exists, "the proponent of [sealing] must establish through 'specific, on the record findings . . . that [sealing] is essential to preserve higher values and is narrowly tailored to serve that interest." *Courthouse News Serv. v. Corsones*, 2025 WL 758028, at *4 (2d Cir. Mar. 11, 2025) (quoting *Press-Enterprise Co. v. Super. Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 13–14 (1986)). "Courts have found that higher values include protecting the confidentiality of grand jury proceedings, protecting minor victims of sex crimes, protecting a defendant's Sixth Amendment right to a fair trial, protecting significant and substantial privacy interests . . . preventing danger to persons or property, and maintaining the integrity of significant activities entitled to confidentiality, such as ongoing undercover investigations or detection devices." *Id.* (internal citations omitted).

Defendants both seek to seal the name of Xu and Mark Sullivan's ("Plaintiff") daughter. Dkt. Nos. 63, 66. Plaintiff's daughter ("ES") is an adult and her name appears in Plaintiff's publicly filed Amended Complaint ("AC"). Dkt. No. 15. Neither DOE nor Xu has sought sealing or redaction of the AC since it was filed on February 5, 2025. The request to seal the name of a relevant non-party whose name is already publicly disclosed is denied. *See Benthos Master Fund, Ltd. v. Etra*, 2022 WL 4467249, at *7 n.11 (S.D.N.Y. Sept. 26, 2022) ("[T]he names are not privileged, but even if they were, courts in this Circuit have 'repeatedly found sealing improper where the relevant material was already made public.'" (quoting *Shetty v. SG Blocks, Inc.*, 2021 WL 4959000, at *4 (E.D.N.Y. Oct. 26, 2021) (collecting cases))). The request

to seal ES's date of birth is granted as she has a privacy interest in personal identifying information and it is irrelevant to the motion to dismiss. *See Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *4 (E.D.N.Y. Feb. 23, 2024) (parties and non-parties' personal identifying information "weighs heavily in the Court's balancing against the presumption of access, . . . and otherwise has no bearing on the lawsuit, and therefore the public will not be prejudiced if denied access to this information."); *see also* Fed. R. Civ. P. 5.2(a) (requiring the redaction of birth month and day).

Both parties seek to seal the caption, file number, and docket numbers of the family court matter. Dkt. Nos. 63, 66. Xu seeks to redact portions of the orders of protection from 2006, 2010, 2012, 2015, 2014, and 2016. Dkt. No. 66; *see* Dkt. Nos. 70-2–70-7. In particular, Xu seeks redactions of the caption, file number, docket number, names of individuals involved, their dates of birth, and the general locations barred by the protective orders (which list "home" or "school" rather than specific addresses). Dkt. Nos. 70-2, 70-4, 70-5, 70-6, 70-7. The identities of the parties in this litigation and the relevant family court matters are not confidential: Plaintiff identifies himself, Xu, and ES in his complaint and references the family court matters at issue, including the existence of orders of protection. *See generally* AC. Defendants both reference the relevant family court matters in their publicly filed memoranda of law. *See* Dkt. No. 62 at 1–2, 8–9; Dkt. No. 68 at 3–4. Neither party has identified a compelling privacy interest in the names of the parties to the family court matter, which are otherwise easily discernible from the public record in this action, nor the relevant case and docket numbers. Even armed with the relevant case numbers, a curious member of the public would still need court permission to access the full family court record. *See* N.Y. Fam. Ct. § 166 ("The records of any proceeding in the family court shall not be open to indiscriminate public inspection. However, the court in its

discretion in any case may permit the inspection of any papers or records."). The requests to seal information contained in the orders at Dkt. Nos. 64-1, 64-2, 70-1, 70-2, 70-4, 70-5, 70-6, 70-7, 70-9, and 70-10 are thus denied except as to the dates of birth of Plaintiff, Xu, and ES.

Xu seeks to seal the name of the non-party who was appointed by the family court to observe visitation and the name of her attorney in the family court matter. Dkt. No. 70-8. Given that the identities of these non-parties have no conceivable relevance to Plaintiff's claims, that request is granted. "[T]hird-party privacy interests justify the requested sealing and redaction of certain private information." *Rosario v. Cmty. Hous. Mgt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024) (internal citations and quotations omitted) (granting sealing as to identifying information of non-party tenants); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *8–9 (S.D.N.Y. May 16, 2023) (granting the sealing of the identities of third-party employees). Consistent with the above, the request to seal information other than the names of the non-parties listed here and ES's date of birth is denied.

Finally, Xu seeks to file under seal a 2010 order from Kings County Family Court. Dkt. No. 66; *see* Dkt. No. 70-3. This order primarily consists of factual findings that cannot be considered for their truth on a motion to dismiss. *See Scottsdale Ins. Co. v. McGrath*, 2024 WL 4512210, at *14 (S.D.N.Y. Oct. 17, 2024) ("The Court will take judicial notice of the actual filings in the above-captioned proceedings and statements therein . . . 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006))). There exist significant and substantial privacy interests that would be compromised by public disclosure of the document. Xu's motion to seal the exhibit is granted.

Defendants' motions to seal are GRANTED IN PART and DENIED IN PART. Defendants are directed to publicly file the exhibits at Dkt. Nos. 64 and 70 with redactions consistent with this Order by August 11, 2026.

The Clerk of Court is respectfully directed to close Dkt. Nos. 63 and 66.

SO ORDERED.

Dated: August 7, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge